1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Respondent,              No. CR S-02-0287 FCD DAD

12        vs.

13   JOSEPH NORRIS,

14              Movant.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              On September 23, 2004, defendant Joseph Norris, proceeding pro se, filed three

17   documents:  a notice of motion and motion pursuant to 28 U.S.C. § 2255, a memorandum in

18   support of the motion with an included motion for furlough appearance, and a separate motion

19   for release pending resentencing.

20              The docket for this action reflects that defendant Norris was convicted of one

21   count of wire fraud in violation of 18 U.S.C. § 1343 pursuant to his plea of guilty entered on June

22   10, 2003.  On September 29, 2003, defendant Norris was sentenced to 33 months of

23   imprisonment, 36 months of supervised release, and restitution in the amount of $6,563,406.00,

24   to be paid jointly with co-defendant Mark Gray Coleman.  Judgment was entered on October 7,

25   2003.  Defendant Norris did not appeal from the judgment and did not file a previous § 2255

26   motion.

1

The docket also reflects that, after defendant Norris filed the pending § 2255 motion, it was initially decided that the motion would be addressed by the assigned district judge. A minute order was issued on September 28, 2004, directing the government to file a response. On October 14, 2004, the government filed its opposition and answer to the § 2255 motion. Movant filed a traverse to the government's response on November 8, 2004. On December 1, 2004, the previous decision concerning the handling of the § 2255 motion was modified and the fully briefed motion was referred to a magistrate judge for further proceedings. A notice concerning the referral was entered on the docket on December 22, 2004. On January 7, 2005, defendant Norris filed an application for leave to file a supplemental brief in support of his motion for release pending resentencing.

The court's files were sent to the Ninth Circuit on January 11, 2005, in connection with the appeal filed by co-defendant Michael Staggs on December 23, 2003. The undersigned has received and reviewed chambers copies of the following documents: the memorandum of points and authorities filed by defendant Norris on September 23, 2004; the motion for release filed by defendant Norris on September 23, 2004; the answer filed by the government on October 14, 2004; the traverse filed by defendant Norris on November 8, 2004; and the application for leave to file a supplemental brief filed by defendant Norris on January 7, 2005. The government's answer includes as exhibits a copy of movant's plea agreement filed with the court June 10, 2003, and a copy of the judgment filed October 7, 2003.

MOVANT'S CONTENTIONS

Movant Norris seeks review and correction of his sentence on the grounds that his sentence was determined and imposed in violation of the Fourth, Fifth, and Sixth Amendments. He seeks relief pursuant to the Supreme Court's decision Blakely v. Washington in 2004. Movant asserts that his § 2255 motion is timely, having been filed within one year after his sentence became final and also having been filed pursuant to a recent change in the law. Movant contends that Blakely clarified the Supreme Court's decision in Apprendi v. New Jersey, and he

1   urges the district court not to await further clarification by the Supreme Court nor to ignore the

2   implications of <u>Blakely</u> for federal cases but rather to apply <u>Blakely</u> as a new rule of

3   constitutional law, one applicable not only to pending cases but to all defendants sentenced under

4   the federal sentencing guidelines.  Movant argues that sentencing errors governed by <u>Blakely</u> are

5   structural and therefore not subject to harmless error analysis.

6           Anticipating respondents' opposition, movant argues that he did not waive the

7   sentencing issue by failing to object or otherwise raise it previously.  He contends that the

8   sentencing judge accepted the amount of loss represented by the government and his attorney

9   advised him three times to consent to that amount since the judge could and would find that was

10  the appropriate loss amount and stating opposition would only run the risk of angering the judge

11  and creating prejudice at the time of sentencing.  Movant asserts that, if he had known the

12  sentencing judge could not make findings concerning the amount of loss, he would not have

13  accepted the enhanced loss amount as part of his plea.  Movant further argues that he entered a

14  plea of guilty to one count of wire fraud with no specific amount of loss, for which the

15  sentencing guidelines should have been an offense level 6 with a term of imprisonment of 0 to 6

16  months, but the judge imposed a term of 33 months based upon an adjusted offense level of 20

17  which was in turn based on the amount of loss determined by the judge.

18          Movant asks the court to vacate his illegal sentence, including the amount of

19  restitution ordered, and resentence him at the lowest guideline range supported by his plea.

20  Movant waives his appearance for resentencing but requests an order granting a furlough

21  appearance, if his appearance is necessary.

22                          RESPONDENT'S OPPOSITION

23          Respondent offers four arguments:  (1) movant's plea agreement contains an

24  express waiver of the right to collaterally attack his sentence; (2) <u>Blakely</u> does not apply

25  retroactively to cases on collateral review; (3) movant's claim is procedurally barred due to his

26  failure to raise it on direct appeal; and (4) movant expressly admitted to the facts supporting the

1  sentencing enhancements at issue.  Citing the movant's plea agreement with the government,

2  respondent argues that movant stipulated to and agreed that the amount of readily provable loss

3  attributable to him was between $10 million and $20 million and that the offense involved more

4  than minimal planning.   Respondent asserts that no evidentiary hearing is required because the

5  motion is entirely without merit and that the motion for release pending resentencing should be

6  denied for the same reason.

7  MOVANT'S REPLY

8  Movant contends that there can be no waiver of collateral attack where the issue

9  being raised is one of a fundamental constitutional nature.  Movant argues that Blakely must be

10  applied retroactively to cases on collateral review because the decision defines a substantive right

11  and is not merely procedural.  Movant dismisses the government's assertion of a procedural bar

12  on the ground that the right established by the Supreme Court in Blakely was not recognized

13  when movant was sentenced and raising the right was therefore impossible.  Movant asserts that

14  he exercised due diligence by pursuing his claim to the best of his ability after Blakely removed

15  the impediment to the relief he seeks.  Finally, movant disputes that he admitted the facts used to

16  enhance his sentence, argues that his plea agreement was made at a time when there was no clear

17  understanding of Apprendi, and invokes principles of contract law.

18  ANALYSIS

19  Movant claims he is asserting a right newly recognized by the Supreme Court in

20  Blakely v. Washington.  He argues that Blakely should be retroactively applied to his case on

21  collateral review.

22  In a case decided several months after movant filed his § 2255 motion, the

23  Supreme Court applied the rule of Blakely to the United States Sentencing Guidelines and ruled

24  that the Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely.

25  United States v. Booker, ____ U. S. ___, 125 S. Ct. 738, 749-56 (2005).  The Court severed and

26  /////

4

1 excised the provision that made the Guidelines mandatory and declared the Guidelines

2 effectively advisory. Id. at 756.

3         The Blakely and Booker decisions extended principles initially announced by the

4 Supreme Court in Apprendi v. New Jersey in 2000. Apprendi, 530 U.S. 466 (2000). The Ninth

5 Circuit held in 2002 that "the new rule of criminal procedure announced in Apprendi does not

6 apply retroactively to cases on initial collateral review." United States v. Sanchez-Cervantes,

7 282 F.3d 664, 665 (9th Cir. 2002). The Ninth Circuit has consistently reaffirmed its

8 determination that the Apprendi rule and its permutations do not apply retroactively to cases on

9 collateral review. See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1245-46 (9th Cir. 2005). The

10 Ninth Circuit has also held, in the context of an application to file a second or successive § 2255

11 motion raising a Blakely claim, that "the Supreme Court has not made Blakely retroactive to

12 cases on collateral review" Cook v. United States, 386 F.3d 949 (9th Cir. 2004).

13         On February 7, 2005, the Seventh Circuit applied a retroactivity analysis

14 consistent with the Ninth Circuit's analysis in Sanchez-Cervantes and held that Booker does not

15 apply retroactively to initial § 2255 motions. McReynolds v. United States, 397 F.3d 479 (7th

16 Cir. 2005), cert. denied, ___ U.S. ___, No. 04-9994, 2005 WL 1105026 (U.S. June 6, 2005). At

17 least three circuit courts have joined the Seventh Circuit in holding that Booker does not apply

18 retroactively on collateral review, whether the defendant's § 2255 motion is an initial motion or a

19 second or successive motion. On February 17, 2005, the Eleventh Circuit held, in the context of

20 an initial § 2255 motion, that "Booker's constitutional rule falls squarely under the category of

21 new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral

22 review." Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam). On February

23 25, 2005, the Sixth Circuit concluded, also in the context of an initial § 2255 motion, that

24 "Booker's rule does not apply retroactively in collateral proceedings." Humphress v. United

25 States, 398 F.3d 855, 860 (6th Cir. 2005). On April 8, 2005, the Second Circuit held, also in the

26 context of an initial § 2255 motion, that Booker is not retroactive and "does not apply to cases on

1  collateral review where the defendant's conviction was final as of January 12, 2005, the date that

2  Booker issued."  Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005).

3          As a district court in the Ninth Circuit observed very recently, "[n]o court has held

4  that Booker is retroactive to cases beyond those on direct review; rather, courts have ruled

5  consistently that Booker is not retroactive to cases that were rendered final before the Supreme

6  Court's ruling was issued on January 12, 2005."  United States v. Gonzalez, No. CR 01-60105-

7  AA, 2005 WL 1389074, *1 (D. Or. June 9, 2005)).  See also Hewett v. United States, ___ F.

8  Supp. 2d ___, No. CR 00-00063 DAEBMK, CV 05-00277 DAEBMK, 05-0314 DAEBMK, 2005

9  WL 1331116, *4 (D. Haw. May 20, 2005) ("[E]very federal court of appeals to address the

10  question of whether Blakely or Booker are retroactive to *initial* cases on collateral review . . . has

11  held that they are not.");  United States v. Wrenn, No. CR 99-225-RE, CV 05-375-RE, 2005 WL

12  1389060, *2 (D. Or. May 10, 2005) ("[T]he Blakely/Booker rule does not apply retroactively to

13  cases on collateral review.  Although the Ninth Circuit has not ruled on the issue of retroactivity

14  in the context of an initial Section 2255 motion, three other circuit courts have so ruled . . . . and

15  [n]umerous federal district courts, including this one, have also so ruled.");  United States v.

16  Argento, ___ F. Supp. 2d ___, No. CR-94-0851-AK, 2005 WL 1377828, *3 (C.D. Cal. Apr. 27,

17  2005) ("The court holds, consistent with the views of every circuit court that has addressed the

18  issue, that Booker does not apply retroactively to cases that became final before it was decided.")

19          The undersigned finds no support for movant's contention that Blakely, or, more

20  to the point, Booker, applies retroactively to his case, which was final prior to January 12, 2005.

21  Movant's § 2255 motion should be denied along with all related motions and applications.

22          Accordingly, IT IS HEREBY RECOMMENDED that:

23          1.  Movant's September 23, 2004 motion pursuant to § 2255 to correct his

24  sentence be denied;

25          2.  Movant's September 23, 2004 motions for furlough appearance and for release

26  pending resentencing be denied;

1     3.  Movant's January 7, 2005 application for leave to file a supplemental brief be

2   denied; and

3     4.  The Clerk of the Court be directed to close the companion civil case No. CIV

4   S-04-1982 FCD.

5     These findings and recommendations are submitted to the United States District

6   Judge pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty calendar days after

7   being served with these findings and recommendations, movant may file written objections with

8   the court.  Any reply to objections shall be filed within ten court days after the objections are

9   served.  Failure to file objections within the specified time may, under certain circumstances,

10  waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

11  Cir. 1991).

12  DATED: June 21, 2005.

13

14                                                Dale A. Drozd

15  DAD:13                                        DALE A. DROZD
    norr0287.257                                  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26